IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN LISHEGO, | ) |
| Plaintiff, | ) ) ) 2:24-cv-1458 |
| v. | ) ) ) |
| TRI STAR MOTORS, INC., | ) ) |
| Defendant. | ) |

### MEMORANDUM ORDER

Plaintiff Stephen Lishego was employed at Tri Star Motors. On October 10, 2023, he was diagnosed with colon cancer, and his doctor gave him a medical script taking him off from work for a few days. ECF 1, ¶ 9. The diagnosis also caused his blood pressure to spike that day. *Id.* at ¶ 10. Sometime between October 10, 2023 and October 16, 2023, he told his supervisor at Tri Star about his cancer diagnosis and gave the medical script to his supervisor, but his supervisor refused to let him take the day off, and berated him for wanting to follow his doctor's orders. *Id.* at ¶¶ 11-12. So Mr. Lishego was forced to continue working that day. *Id.* However, he told Tri Star's vice president about his conversation with his supervisor. *Id.* at ¶ 13. After that, he took a few days off of work. *Id.* at ¶¶ 13-14. On October 16, 2023, Mr. Lishego returned to work, but was fired that day for "performance" issues, despite not having been given any negative performance-related reviews up to that point. *Id.* at ¶¶ 14-16. Based on his termination, he filed the present suit, bringing claims under the Family and Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA).

Tri Star now moves to dismiss Mr. Lishego's complaint. ECF 7. The motion is fully briefed and ready for disposition. After careful consideration, the Court will deny the motion.

*Counts I & II – FMLA Interference & FMLA Retaliation*.  Mr. Lishego brings both FMLA interference and FML retaliation claims.  Beginning with the FMLA interference claim, Tri Star argues that Mr. Lishego's FMLA interference claim is insufficiently pled because Mr. Lishego did, in fact, take time off work and doesn't allege that he requested additional time off beyond October 16, 2023.  ECF 8, p. 5.  Thus, he wasn't denied any benefits.  The Court disagrees.

"To make a claim of interference under the FMLA, a plaintiff must establish: (1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA."  *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 155 (3d Cir. 2017).

Mr. Lishego sufficiently alleges that he was denied benefits to which he was entitled under the FMLA, when he (1) tried to take leave, but was berated and ordered by his supervisor to stay for the day, and (2) was fired the day he returned from leave.  ECF 1, ¶¶ 11-12, 14.  *See Meigs v. Care Providers Ins. Servs., LLC*, No. 21-867, 2023 WL 187494, at *16 (E.D. Pa. Jan. 13, 2023) (collecting cases where termination constituted a denial of FMLA benefits); *Gathright v. TN Ward Co.*, No. 14-4521, 2015 WL 12516793, at *7 (E.D. Pa. Aug. 24, 2015) ("Upon return from FMLA leave, an employee is entitled to reinstatement to the same position the employee held when leave commenced, or an equivalent position.").

With respect to the FMLA retaliation claim, Tri Star contends Mr. Lishego's FMLA retaliation claim fails because Mr. Lishego doesn't allege that he invoked any FMLA right or that there was a causal nexus between his termination and invocation of any FMLA right.  The Court finds that the complaint pleads enough to meet these requirements.

"To succeed on an FMLA retaliation claim, a plaintiff must show that (1) he

invoked his right to FMLA-qualifying leave, (2) he suffered an adverse employment decision, and (3) the adverse action was causally related to his invocation of rights." *Ross v. Gilhuly*, 755 F.3d 185, 193 (3d Cir. 2014) (cleaned up).

Mr. Lishego has established his entitlement to take leave under the FMLA, due to his cancer diagnosis. *Bertig v. Julia Ribaudo Healthcare Grp., LLC*, No. 15-2224, 2017 WL 4922012, at *3 (M.D. Pa. Oct. 31, 2017). He also plausibly alleges that he invoked FMLA leave, by giving the doctor's note—taking him off work for a few days—to his supervisor at some time between October 10, 2023 and October 16, 2023. ECF 1, ¶ 11. *See Pinson v. Berkley Med. Res., Inc.*, No. 03-1255, 2005 WL 3210950, at *17 (W.D. Pa. June 21, 2005) (Hardiman, J.) (employee's attempt to submit a doctor's note was "tantamount to a request for leave").

And he also plausibly alleges causation: the "unusually suggestive temporal proximity" between his termination and when he sought and took leave sufficiently demonstrates that Tri Star retaliated against him for taking FMLA-protected leave. *Leon v. Bensalem Twp. Sch. Dist.*, No. 23-1374, 2024 WL 3744352, at *7 (E.D. Pa. Aug. 9, 2024) (cleaned up); *see Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 307 (3d Cir. 2012) (finding that termination seven days after invoking FMLA rights was unduly suggestive).

The Court therefore denies Tri Star's motion to dismiss Mr. Lishego's FMLA interference and retaliation claims.

***Count III – ADA Discrimination & Failure-to-Accommodate.*** Tri Star argues Mr. Lishego's ADA discrimination claim fails because he hasn't pled that his cancer substantially limited a major life activity, that he has a record of disability, or that he was regarded as disabled by Tri Star. ECF 8, pp. 6-9. Tri Star also argues that his ADA failure-to-accommodate claim fails because he never requested accommodations. *Id.* at p. 10. The Court finds that Mr. Lishego plausibly alleges both claims.

A *prima facie* case for ADA discrimination requires a plaintiff to demonstrate that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Alston v. Park Pleasant, Inc.*, 679 F. App'x 169, 171 (3d Cir. 2017). A disability means (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual"; (2) "a record of such an impairment" or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1).

"A plaintiff bringing an ADA failure-to-accommodate claim must establish: (1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated." *Capps*, 847 F.3d at 157 (cleaned up).

Mr. Lishego sufficiently alleges that he has an actual disability, in that he "was diagnosed with colon cancer and is substantially limited from performing one or more major life activities[.]" ECF 1, ¶ 27. A "major life activity" includes "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). It also includes "the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." 42 U.S.C. § 12102(2)(B). "A major life activity is substantially limited if an individual is unable to perform it or is significantly restricted as to the condition, manner or duration under which it is performed, as compared to an average person in the general population." *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 198 (3d Cir. 2010) (cleaned up) (quoting 29 C.F.R. § 1630.2(j)(1)).

Mr. Lishego's allegations that his colon cancer diagnosis caused his high blood pressure to spike (ECF 1, ¶ 10), led to his doctor taking him off work for a few days (*Id.* at ¶ 9), and caused him to take leave, plausibly establish at this stage that his cancer substantially limited a major life activity, *e.g.*, he was unable to do work or significantly restricted as to his ability to work. These facts and reasonable inferences plausibly allege an actual disability.

Mr. Lishego also adequately pled the other two elements for a *prima facie* ADA discrimination case: he alleges that he is otherwise qualified to perform the essential functions of the Commercial Accounts Manager position (*Id.* at ¶ 28), a position that he had held since 2019, and that he was terminated because of his disability (*Id.* at ¶ 29).

As to his failure-to-accommodate claim, Mr. Lishego plausibly alleges that he requested a reasonable accommodation, by telling his supervisor about his diagnosis and giving his supervisor the doctor's note seeking some time off, but was denied this request for reasonable accommodation when his supervisor berated him and ordered him to stay for the day, and then terminated shortly thereafter. *Id.* at ¶¶ 11-12. These facts lead to a reasonable inference that Tri Star didn't make a good faith effort to accommodate his request for medical leave. *See, e.g, Dreibelbis v. Cnty. of Berks*, 438 F. Supp. 3d 304, 317 (E.D. Pa. 2020) (denying motion to dismiss employee's failure-to-accommodate claim where she alleged that she requested FMLA leave—which constituted a request for a reasonable accommodation—and employer failed to grant her request); *McFadden v. Biomedical Sys. Corp.*, No. 13-4487, 2014 WL 80717, at *5 (E.D. Pa. Jan. 9, 2014) (employee stated a failure-to-accommodate claim where he alleged employer refused to allow him to take medical leave and instead fired him within a week of his requesting leave).

***Count IV – ADA Retaliation.*** Tri Star argues that Mr. Lishego's ADA retaliation claim should be dismissed because it is "nothing more than a restatement

of his discrimination claim[.]" ECF 8, p. 10. The Court disagrees.

A *prima facie* ADA retaliation claim requires: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Miller v. Erie Cnty. Off. of Child. & Youth*, No. 16-256, 2018 WL 3368723, at *7 (W.D. Pa. July 10, 2018) (Baxter, J.). "Requesting an accommodation in good faith is a protected activity." *Kieffer v. CPR Restoration & Cleaning Servs., LLC*, 733 F. App'x 632, 638 (3d Cir. 2018). Mr. Lishego has sufficiently pled that his request for medical leave caused his termination, given the temporal proximity and his supervisor's reaction to his time-off request.

The Court isn't otherwise persuaded that Mr. Lishego, as a matter of law, cannot bring both an ADA discrimination and an ADA retaliation claim. *See Johnson v. McGraw-Hill Companies*, 451 F. Supp. 2d 681, 710 (W.D. Pa. 2006) (McVerry, J.) (the ADA's substantive provisions "seek to prevent injury to individuals based on who they are, while the anti-retaliation provisions seek to prevent harm to individuals based on what they do"); *see also Sharbaugh v. W. Haven Manor, LP*, No. 14-1723, 2016 WL 6834613, at *26 (W.D. Pa. Nov. 21, 2016) (Conti, J.) (rejecting employer's argument at summary judgment that employee's retaliation claim should be dismissed because it is duplicative of his failure-to-accommodate claim, because "[t]here is no legal proscription on [plaintiff] pursuing both his failure to accommodate and retaliation claims").

The Court thus denies Tri Star's motion to dismiss Mr. Lishego's ADA retaliation claim.

\* \* \*

Accordingly, Tri Star's motion to dismiss (ECF 7) is **DENIED**.

Dated: March 10, 2025       BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge