**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN LISHEGO, | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-CV-1458 |
| | ) | |
| v. | ) | |
| | ) | |
| TRI STAR MOTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM ORDER**

Mr. Lishego never actually had cancer. But that doesn't prevent him from bringing claims under the ADA.

In October 2023, Stephen Lishego received a call from his doctor telling him that his Cologuard test was positive for colon cancer. ECF 38-1 at 41:2-25. Mr. Lishego, a car salesman at Tri Star Motors, told his boss and H.R. that he needed to take three days off because of his cancer diagnosis, and he presented a medical note from his doctor. ECF 38-1 at 64:19-65:7; ECF 38-7. His boss reacted to Mr. Lishego by saying, "Are you fucking kidding me? Your obligations are here." ECF 38-1 at 64:18-65:3. H.R. reacted by reminding Mr. Lishego that the company is in "peak workload season." ECF 38-18. Four days after requesting leave for his cancer diagnosis, and on Mr. Lishego's first day back after medical leave, Tri Star fired him. ECF 38-1 at 71:2-25. After Tri Star fired Mr. Lishego, follow up tests showed that he didn't have colon cancer and that the Cologuard test produced a false positive. ECF 43-4.

On these facts, Mr. Lishego sued Tri Star. Mr. Lishego brought two claims under the FMLA (Counts I & II), three claims under the ADA (Counts III & IV), and one claim under the PHRA (Count V). Tri Star has moved for summary judgment on

all counts, except Count V.  ECF 36.  Tri Star has also moved for sanctions under Rule 11 because Mr. Lishego never pled that his Cologuard test was a false positive. ECF 46.  On careful review, the Court grants in part and denies in part Tri Star's motion for summary judgment and denies Tri Star's motion for sanctions.

I.    **The Court grants summary judgment on the FMLA claims (Counts I & II) and the ADA failure-to-accommodate claim (Count III in part).**

Under the FMLA, employees must have a legitimate reason to have an "entitlement to leave." *See* 29 U.S.C. § 2612(a)(1).  Here, Mr. Lishego argues that his legitimate reason was his false-positive diagnosis, and that his request for medical leave based on this diagnosis amounted to an attempt to exercise his FMLA rights. ECF 43 at 35.  Not quite.  Mr. Lishego would have to have a "serious medical condition" to have an entitlement to leave.  *See* 29 U.S.C. §§ 2611(11) & 2612(a)(1)(D). Mr. Lishego didn't suffer from a serious medical condition because he didn't actually have cancer, so M his FMLA claims fail and Tri Star is entitled to summary judgment. *See Snider v. Wolfington Body Co., Inc.*, No. CV 16-02843, 2016 WL 6071359, at \*7 (E.D. Pa. Oct. 17, 2016) (collecting cases where courts rule that a perceived illness does not qualify as a serious medical condition).

Defendants are further entitled to summary judgment on Mr. Lishego's ADA failure-to-accommodate claim because Mr. Lishego didn't actually have cancer.  Mr. Lishego's ADA theory is predicated on a "regarded as" disability.  ECF 43 at 13–14. First, Mr. Lishego cannot proceed with a failure-to-accommodate claim under a "regarded as" theory of disability.  *See Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 188 n.30 (3d Cir. 2019); 42 U.S.C. § 12201(h).  Second, Mr. Lishego has abandoned this claim by not responding to Tri Star's motion and brief.  *See Diodato v. Wells Fargo Ins. Servs., USA, Inc.*, 44 F. Supp. 3d 541, 556 (M.D. Pa. 2014).

The Court grants summary judgment for Tri Star as to Count I, Count II, and Count III as it relates to a failure-to-accommodate claim.

## II.   Mr. Lishego's ADA claims for discrimination (Count III in part) and retaliation (Count IV) survive.

Mr. Lishego's claims under the ADA rely on the same underlying facts: Mr. Lishego received a Cologuard diagnosis of colon cancer, he told Tri Star that he had cancer and requested leave, and because of his diagnosis and requested medical leave, Tri Star fired him.  There is enough supporting evidence to send these claims to a jury.

First, there's evidence that Tri Star regarded Mr. Lishego as disabled under the ADA.  "The test is whether the employer 'perceived' [Mr. Lishego] as impaired." *Gibbs v. City of Pittsburgh*, 989 F.3d 226, 229 (3d Cir. 2021) (citing 42 U.S.C. § 12102(3)(A)).  It doesn't matter "whether or not the impairment limits or is perceived to limit a major life activity"; it is sufficient that the perceived impairment would be expected to last longer than six months and isn't otherwise minor.  § 12102(3).  Colon cancer is neither minor nor would an employer expect colon cancer to only "last" a few months.  *See Alston v. Park Pleasant, Inc.*, 679 F. App'x 169, 172 (3d Cir. 2017) (noting that cancer generally qualifies as an actual disability).  And because there's evidence that Tri Star learned of Mr. Lishego's cancer diagnosis (he informed his boss and H.R.), there's sufficient evidence that Tri Star regarded Mr. Lishego as disabled. *See Est. of Murray v. UHS of Fairmount, Inc.*, No. CIV.A. 10-2561, 2011 WL 5449364, at *9 (E.D. Pa. Nov. 10, 2011) (finding that an employer's knowledge of plaintiff's reported depression was sufficient for establishing a perceived disability).

Second, Mr. Lishego was qualified for his job—as Tri Star frames it—"to sell cars."  ECF 50 at 1.  Tri Star asks this Court to consider Mr. Lishego's "objective sales data" in its argument that Mr. Lishego wasn't qualified to sell cars.  *Id.* at 4.  Though Mr. Lishego's sales numbers are themselves objective, whether these numbers

qualified Mr. Lishego as a poor employee and unfit for the job ultimately fall under Tri Star's "subjective" evaluation of what sales baseline is adequate. *See Weldon v. Kraft, Inc.*, 896 F.2d 793, 798 (3d Cir. 1990). Mr. Lishego's sales performances did not render him objectively unqualified to sell cars.

Third, there's enough evidence both at the *prima facie* case and in showing pretext that Mr. Lishego's diagnosis and request for medical leave was the "but for" cause of his termination. Mr. Lishego was fired just four days after telling his employer that he had cancer and would need to take medical leave. This temporal proximity is enough to establish a *prima facie* case for causation. *See Sine v. Rockhill Mennonite Home*, 275 F. Supp. 3d 538, 546 (E.D. Pa. 2017) (finding that a termination two months after requesting leave for a disability was sufficient temporal proximity evidence). Tri Star offered a legitimate reason for Mr. Lishego's termination: he performed poorly at his job and there are sales records to prove it. ECF 37 at 14–15. But a jury could find this to be pretext. The temporal proximity, coupled with the negative reaction from Mr. Lishego's supervisor and H.R., create a genuine dispute of material fact as to whether Mr. Lishego's disability and requested leave caused his termination. *See Weldon v. Kraft, Inc.*, 896 F.2d 793, 798 (3d Cir. 1990) (finding that evidence for pretext will often overlap with evidence from the *prima facie* case); *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007) ("Where the temporal proximity between the protected activity and the adverse action is 'unusually suggestive,' it is sufficient standing alone to create an inference of causality and defeat summary judgment.").[1]

---

[1] The Third Circuit recently found that "the employer's legitimate reason to take an adverse employment action dispels an inference of retaliation based on temporal proximity alone." *See Lynn v. Bank of New York Mellon*, 180 F.4th 133, 145 (3d Cir. 2026). In other words, more than temporal proximity is needed at the pretext stage. But the "more" here is the supervisor saying, "Are you fucking kidding me? Your obligations are here."

Whether Mr. Lishego was fired in violation of the ADA or because of his performance at work is for a jury to decide.  Mr. Lishego's discrimination claim at Count III and retaliation claim at Count IV survives.

### III.    Rule 11 Sanctions aren't appropriate here.

The Court denies Tri Star's motion for sanctions under Rule 11 (ECF 46). Sanctions should be "prescribed only in the exceptional circumstance where a claim . . . is patently unmeritorious or frivolous." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (cleaned up).  Mr. Lishego's claims aren't "patently unmeritorious or frivolous." *See id.*  As detailed by the Court, a diagnosis doesn't have to be a true positive for a plaintiff to have a viable claim under the law. And it isn't unreasonable for Mr. Lishego to rely on a 92% accurate test (Cologuard) and assume that he has cancer and inform his employer as such.  Mr. Lishego learned that he received a false positive after the adverse employment action, so that fact alone has no bearing on his ability to bring a claim. *See Rocco v. Gordon Food Serv.*, 609 F. App'x 96, 98 (3d Cir. 2015) (finding that "[t]he relevant time for determining whether the plaintiff is a 'qualified individual with a disability' is the time of the adverse employment decision").  Mr. Lishego could have pled a fuller, more complete picture by including the fact that it was a false positive, but this isn't the case where Mr. Lishego patently misled Tri Star and the Court in bad faith such that sanctions are appropriate.

*****

For these reasons, judgment is hereby entered in favor of Tri Star as to Count I, Count II, and Count III as it relates to a failure to accommodate.  The summary-judgment motion (ECF 36) is otherwise denied in all other respects.  Tri Star's motion for sanctions (ECF 46) is also denied.

DATED this 5th day of August, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge