**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN LISHEGO,<br><br>Plaintiff,<br><br>v.<br><br>TRI STAR MOTORS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:24-CV-1458 |

**MEMORANDUM ORDER**

The Court entered judgment for Tri Star on Mr. Lishego's FMLA claims because "he didn't actually have cancer." ECF 53 at 2. Mr. Lishego now moves the Court to reconsider its ruling on his FMLA claims. ECF 55. Mr. Lishego agrees that he never had cancer, but argues that the Court "overlooked Lishego's actual FMLA theory and the governing regulatory framework." ECF 56 at 2. The Court did neither, so it will deny Mr. Lishego's motion.

Mr. Lishego argues that the "Court granted summary judgment on a theory Lishego did not advance." *Id.* at 4. In Mr. Lishego's view, the Court ruled against his FMLA claims under a "perceived-illness theory," and that's a theory he never argued. *Id.* at 5. Rather, he argued that "he requested leave for physician-directed incapacity and diagnostic testing following a positive colorectal-cancer screen," and that activity was protected under the FMLA. *Id.*

At the outset, the Court agrees with Tri Star that Mr. Lishego's "physician-directed incapacity" theory is new. ECF 60 at 2. In summary-judgment briefing, Tri Star made the argument that Mr. Lishego's claims must fail "because he was not ultimately diagnosed with cancer." ECF 43 at 33–34. Mr. Lishego responded that "that issue is immaterial" to whether he "attempt[ed] to exercise his rights under the

statute." *Id.* at 34 (cleaned up). Mr. Lishego doesn't use the word "incapacity" once in his summary-judgment briefing. *See generally id.* Courts should deny motions to reconsider that raise new theories that a party could have raised before judgment but did not. *Tatel v. Mt. Lebanon Sch. Dist.*, 675 F. Supp. 3d 551, 558 (W.D. Pa. 2023) (Conti, J.). Mr. Lishego's reconsideration motion fails for this reason alone.

But even considering the merits, the Court denies the motion. Mr. Lishego's present theory fails under: (1) the governing statutes; (2) Department of Labor regulations; and (3) the facts surrounding the timing of his firing.

## I. The Court's decision follows the governing statutes.

Not just any employee can take leave under the FMLA. Employees must have an entitlement to leave. *See Schaar v. Lehigh Valley Health Servs., Inc.*, 598 F.3d 156, 158 (3d Cir. 2010). Mr. Lishego had to meet certain prerequisites before having such an entitlement. The first prerequisite is that Mr. Lishego "had to be a covered employee working for a covered employer." *See id.* (citing 29 U.S.C. §§ 2611(2), (4)(A)(i)). Tri Star never challenged this, so the Court assumes that Mr. Lishego met the first prerequisite. *See* ECF 50 at 13. The second prerequisite is that Mr. Lishego needed a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).[1] A "serious health condition" is defined under the statute as "an illness, injury, impairment, or physical or mental condition" that involves inpatient care or "continuing treatment by a health care professional." § 2611(11). The statute doesn't read that Mr. Lishego can have a *diagnosis* of a serious health condition only—he must actually "*suffer* from a serious health condition" to be eligible. *See Schaar*, 598 F.3d at 158 (emphasis added).

[1] Section 2612(a)(1) enumerates other qualifying events for FMLA leave, such as the birth of a child or an exigency arising out of a family member's active-duty military service. Because Mr. Lishego's claims are only related to his cancer diagnosis, the Court only focuses on subsection (D), leave for a "serious health condition."

Mr. Lishego hasn't met this second prerequisite because, as the Court found before and is indisputable, he didn't suffer from cancer. ECF 53 at 2. Mr. Lishego's present theory, that "he requested leave for physician-directed incapacity and diagnostic testing following a positive colorectal-cancer screen," doesn't obviate Section 2612(a)(1)(D)'s prerequisite. A false-positive diagnosis isn't a "serious health condition," and neither is a brief medical leave for further testing based on a false-positive diagnosis. Mr. Lishego's theory is dead on arrival because he doesn't contend that he had a serious health condition. That's not the Court creating an alternative, non-existing theory and imputing it to Mr. Lishego. That's the law.

## II. The regulations surrounding the FMLA do not change the Court's decision.

Mr. Lishego argues that the Court overlooked the "governing regulatory framework." ECF 56 at 2. The Court disagrees, for two reasons.

First, even were the Court to rely on the cited regulations in Mr. Lishego's brief, the result doesn't change: a false-positive diagnosis doesn't qualify as a serious health condition. Mr. Lishego relies on three regulations: 29 C.F.R. §§ 825.113(a), 825.113(c), and 825.115. ECF 56 at 4. None of these regulations contradict the Court's ruling. Section 825.113(a) defines a serious health condition. And the regulation starts its definition the same way that the federal statute does, by clarifying that the condition must be an actual "illness, injury, impairment, or physical or mental condition." § 825.113(a). Sections 825.113(c) and 825.115 offer examples of what qualifies as "treatment," because a serious health condition must include either inpatient care or continuing treatment. But the term "continuing treatment" only helps in defining whether a health condition is sufficiently serious, not whether there is a health condition. It doesn't matter that Mr. Lishego's "treatment" was a doctor-prescribed note for a few days of medical leave. Medical

leave for testing does not by itself create a serious health condition. There must be an actual illness, and Mr. Lishego never had an actual illness.

Second, to the extent the regulations say anything differently, they are wrong. The issue here—whether a brief medical leave for follow-up testing based on a false-positive cancer diagnosis qualifies as a "serious health condition"—is a pure question of statutory text. *See* 29 U.S.C. §§ 2611(11), 2612(a)(1)(D). Interpreting the FMLA's statutory text is exclusively a function for the judiciary, not the Department of Labor. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 384–86 (2024).[2] Section 2654 gives the Department of Labor power to prescribe regulations "necessary to carry out" the FMLA, not power over statutory interpretation. 29 U.S.C. § 2654. Section 2612(a)(1)(D) requires that Mr. Lishego have a serious health condition, and Section 2611(11) defines a serious health condition. The plain text of the statutes controls.

**III. The timing of Mr. Lishego's firing isn't relevant.**

Mr. Lishego argues that "the 'operative time' for determining whether a condition qualifies as a serious health condition is when the leave is requested or taken." ECF 56 at 6. Sure, but even when Mr. Lishego requested leave, he didn't have cancer. Mr. Lishego's understandable belief that he had a serious health condition at the time he requested leave is different in kind than having a serious health condition when he requested leave. The timing is irrelevant.

---

[2] *See also Coleman v. Children's Hosp. of Philadelphia*, No. 23-3064, 2024 WL 4490602, at *3 n.4 (3d Cir. Oct. 15, 2024) (questioning the Department of Labor's role in defining FMLA statutory terms post *Loper Bright*); *Easterling v. Cnty. of Delaware*, No. CV 23-5016, 2025 WL 623651, at *2 (E.D. Pa. Feb. 25, 2025) (relying on *Loper Bright* to find that a regulation defining an FMLA statutory term "wrongfully usurps the role of the court").

*****

Mr. Lishego never actually had cancer. Here, that prevents him from bringing the claims he has asserted in this lawsuit under the FMLA. Because there is neither a clear error of law nor fact to correct, Mr. Lishego's motion for reconsideration (ECF 55) is **HEREBY DENIED**. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); ECF 56 at 4.

DATED this 20th day of August, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge